UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*****************************************
                                        *
Sarah Dydo,                             *
                                        *
              Plaintiff                 *          COMPLAINT
                                        *          Jury Trial Requested
v.                                      *
                                        *
Manchester Housing and                  *
Redevelopment Authority, Inc.           *
                                        *
              Defendant                 *
                                        *
*****************************************
```

NOW COMES the plaintiff Sarah Dydo, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

## I.    Parties

1.    The plaintiff Sarah Dydo is a former employee of the defendant and resides at 1897 South Kirkman Road, Apt. 414, Orlando, Florida 32811.

2.    The defendant Manchester Housing and Redevelopment Authority, Inc. is a New Hampshire nonprofit corporation with a principal place of business located at 198 Hanover Street, Manchester, New Hampshire 03104.  As a public agency, the defendant is a covered employer under the FMLA.

## II.    Jurisdiction and Venue

3.    The Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §2617(a)(4).  The Court may exercise personal jurisdiction over the defendant because it is a resident of New Hampshire.

1

4.      Venue is proper because the acts and omissions giving rise to this action occurred in New Hampshire.

**III.    Facts**

5.      Ms. Dydo began her employment with the defendant as a Maintenance Dispatcher in or around July of 2015.  Ms. Dydo remained a Maintenance Dispatcher throughout her employment with the defendant.

6.      Ms. Dydo was qualified for her job and performed it well.  In her most recent performance review rendered in February of 2017, the defendant commented: "Sarah has done a great job this year.  She demonstrates excellent customer service skills and is very organized. She has an excellent grasp of the work order system and keeps that flow of work smooth."

7.      Ms. Dydo's husband suffered severe injuries in Afghanistan in connection with his military service.

8.      On or about September 1, 2017, Ms. Dydo notified the defendant that she needed to take leave to care for her severely injured husband.

9.      In response to this notification from Ms. Dydo that she needed leave to care for her husband because of his serious health condition, the defendant sent Ms. Dydo correspondence dated September 1, 2017, that stated in pertinent part: "In response to your husband's recent medical situation, I am sending you an Employer Response to Employee Request for Family and Medical Leave Forms which both you and your husband's physician need to complete.  Once the appropriate forms have been completed, please return to my attention."  Exhibit A.  The defendant included with the September 1, 2017, correspondence a Notice of Eligibility and Rights & Responsibilities under the FMLA.  Exhibit B.  The Notice properly specified that, in order to support her entitlement to FMLA leave, Ms. Dydo had to

return to the defendant on or before September 16, 2017, a completed Certification of Health Care Provider for Family Member's Serious Health Condition (Exhibit C).  Pursuant to 29 C.F.R. §825.305 (b), where an employer requests a certification, "[t]he employee must provide the requested certification within 15 calendar days after the employer's request, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts…."

10.     The defendant then terminated Ms. Dydo's employment for alleged "unexcused excessive absences" on September 6, 2017, ten (10) days before her deadline would have fallen for returning the Certification of Health Care Provider, as such deadline was set by the defendant in the September 1, 2017, Notice consistent with the requirements of 29 C.F.R. §825.305(b).

## COUNT I

### (Interference in Violation of 29 U.S.C. §2615 (a)(1))

11.     The allegations of the preceding paragraphs are incorporated herein by reference.

12.     Ms. Dydo was eligible for the protections of the FMLA, because as of September 1, 2017, she had worked for the defendant for at least a year and had worked in excess of 1,250 during the preceding twelve (12) months.

13.     The defendant was at all relevant times covered under the FMLA because it is a public agency.

14.     Ms. Dydo was entitled to leave under the FMLA because she needed to care for a spouse with a serious health condition.

15.     Ms. Dydo gave the defendant notice of her intention to exercise her FMLA rights.

16.     Ms. Dydo had until September 16, 2017, to provide the defendant with an executed Certification of Health Care Provider for Family Member's Serious Health Condition in

3

support of her request for FMLA leave, pursuant to 29 C.F.R. §825.305, and pursuant to the Notice of Eligibility and Rights and Responsibilities form that the defendant provided Ms. Dydo in response to receiving her request for leave. *See* Exhibit B.

17.     Before Ms. Dydo had the opportunity to return the Certification to the defendant, the defendant fired her by letter dated September 6, 2017, thereby denying Ms. Dydo the FMLA benefits to which she was entitled.

18.     By failing to allow Ms. Dydo the required fifteen (15) days to return her executed Certification of Health Care Provider, and by firing Ms. Dydo instead and thereby preventing her from exercising her FMLA rights, the defendant interfered with, restrained and/or denied Ms. Dydo the exercise of her FMLA-protected rights.

19.     As a direct and proximate result of the defendant's interference with Ms. Dydo's FMLA-protected rights, Ms. Dydo has suffered and continues to suffer damages, including but not limited to compensation lost by Ms. Dydo as a result of the defendant's interference, interest on such amount, liquidated damages in an additional amount equal to the sum of the actual damages and the interest, plus attorney's fees and costs.

**COUNT II**

**(Retaliation in Violation of 29 U.S.C. §2615(a)(2))**

20.     The allegations of the preceding paragraphs are incorporated herein by reference.

21.     Ms. Dydo availed herself of a protected FMLA right, communicating to the defendant her intent to take leave to care for a spouse with a serious health condition.

22.     Ms. Dydo was adversely affected by the defendant's decision to terminate her employment, mere days after she notified the defendant of her intent to take FMLA, and over a

week before her deadline would have fallen for providing her employer with an executed Certification of Health Care Provider.

23.     A causal connection between Ms. Dydo's protected activity in applying for leave on the one hand, and her firing on the other hand, is reflected by the very close temporal proximity between the protected activity and the adverse employment action, as well as by the defendant's willful and knowing disregard of Ms. Dydo's rights under 29 C.F.R. §825.305.

24.     As a direct and proximate result of the defendant's retaliation against Ms. Dydo for exercising her FMLA-protected rights, Ms. Dydo has suffered and continues to suffer damages, including but not limited to the amount of compensation lost by Ms. Dydo as a result of the defendant's interference, interest on such amount, liquidated damages in an additional amount equal to the sum of the actual damages and the interest, plus attorney's fees and costs.

WHEREFORE, the plaintiff Sarah Dydo respectfully prays this Honorable Court:

A.     Schedule this matter for trial by jury, and after trial;

B.     Find the defendant liable for interference with the plaintiff's FMLA-protected rights in violation of 29 U.S.C. §2615(a)(1);

C.     Find the defendant liable for retaliation against the plaintiff for her exercise of her FMLA-protected rights in violation of 29 U.S.C. §2615(b)(1);

D.     Award the plaintiff damages for the compensation lost by Ms. Dydo as a result of the defendant's interference and retaliation, interest on such amount, and liquidated damages in an additional, amount equal to the sum of the actual damages and the interest;

E.     Award the plaintiff attorney's fees and costs; and

F.     Grant such other and further relief as is just and equitable.

Respectfully submitted,
SARAH DYDO
By her attorneys,
DOUGLAS, LEONARD & GARVEY, P.C.


Date:  February 12, 2018                    By:     /s/ Benjamin T. King
                                                    Benjamin T. King, NH Bar #12888
                                                    14 South Street, Suite 5
                                                    Concord, NH 03301
                                                    (603) 224-1988
                                                    benjamin@nhlawoffice.com